STATE OF NEBRASKA, EX REL. HENRY T. CLARKE,
PLAINTIFF, V. G. P. CATHERS ET AL., COUNTY
BOARD OF WEBSTER COUNTY, DEFENDANTS.

1.  Counties: CLAIMS.  A claim by a contractor for the construc-
tion of a bridge across the Republican river, in Webster county,
was duly allowed by the county board in 1875, and a number of
payments made thereon up to the year 1881.   In 1884 the con-
tractor and county board made a computation of the amount
still due such contractor, which was found to be $1,605.71.
*Held*, That this was not the allowance of a new account, but the
determination of the balance remaining due on a claim allowed
in 1875, after deducting all the payments.

2.  ———: ———:  ACT OF 1879.   Whatever effect the statute of
1879, which authorizes the disallowance of claims after they are
allowed, may have, it can only apply to claims allowed since the
act took effect, and cannot destroy vested rights in claims al-
lowed before the act took effect.

3.  **Mandamus.** Where an application for a mandamus is submitted to the court upon the petition and answer—there being no testimony in the case, allegations of payment made in the answer must be disregarded.

ORIGINAL application for mandamus.

*Pound & Burr*, for relator.

*J. S. Gilham*, for respondents.

MAXWELL, J.

This is an application for a mandamus to compel the defendants, at their session in January, to make an estimate of the amount due the relator from Webster county.

The relator alleges in his petition that the county of Webster, in the state of Nebraska, is a duly organized county in said state, and all of the said defendants are the duly elected, qualified, and acting supervisors of said county, except the said Judson H. Bailey, who is the county clerk of said county, and M. B. McNitt, who is the treasurer of said county of Webster.

On the 11th day of January, 1884, J. E. Smith, J. L. Miller, and John McCallen were the duly elected, qualified, and acting board of county commissioners of said county, and on that day, at a regular sitting of said board of county commissioners, at the county seat in said county of Webster, and having jurisdiction over the parties and subject-matter, the following allowance, adjustment, settlement, order, and judgment was rendered by said court and board against the said county of Webster and in favor of this relator, to-wit:

"The board made a settlement with H. T. Clarke, of Omaha, contractor of a bridge built in 1874 in this county, and made a correction of an endorsement on one contract in error and transferred into another contract in the proper

place; also found on bill for balance due on bridge across
the Republican river, filed October 6, 1874, amounting to
$2,924.10, the following endorsements: Paid in warrants
Nos. 19, 20, 21, and 22, dated July 1, 1875, for $500,
$500, $500, and $236.22, respectively; also endorsed on
said bill the following, which were not endorsed at the
time of the issuing of the warrants, as follows: $136.96,
issued on the contract July 13, 1880, in warrant No. 23;
$943.52, issued July 8, 1881, in warrants Nos. 1 and 2 on
special bridge fund. And then found there is due to H.
T. Clarke on the 11th day of January, 1884, the sum of
$1,605.71, and interest.

"J. P. BAYAM,                          J. E. SMITH,
    " County Clerk.              County Commissioner.

"In January, 1884, the said board met and made the
estimate of the expenses for said Webster county for the
year 1884, and amongst other things, declared and found
that there should be a levy for special county bridge fund,
H. T. Clarke account, the sum of $3,000.

"On and prior to the 28th day of June, 1887, this relator
had several times requested said defendants to make an
estimate of relator's said judgment, and to levy a tax for
the payment of the same, and after a great many delays
on the part of said defendants, on the said 28th day of
January, 1887, the said board of supervisors, at the county
seat of said county, at a regular session and meeting of the
said board, did refuse to make an estimate of said judg-
ment and to levy a tax to pay said judgment. And it is
the duty of the said board of supervisors, the defendants,
under the laws of the state of Nebraska, to levy said tax
and pay your relator said money and interest at the rate of
ten per cent per annum until paid."

A copy of the account is attached to the petition, as
follows:

"Received July 6, 1875:

Bridge.warrant No. 19 .................................\$500.00

        "         20 ................................. 500.00

        "         21 ..............................,......... 500.00

        " .      22 ................................. 236.22

"HENRY T. CLARKE,

"*Per W. C. McLean.*

"We hereby certify that there was due on the within contract on the 6th day of July, 1879, the sum of \$1,970.05.

"Witness our hands this 6th day of January, A.D. 1880.

"C. W. BALL,

"L. H. LULL,

"A. H. CRARY,

"*Commissioners.*"

\$136.90 issued on this contract July 13, 1880, in warrant No. 18; \$948.32 issued July 8, 1881, in warrant Nos. 1 and 2 on special bridge fund.

"We hereby certify that there is due on the within contract, on this 11th day of January, A.D. 1884, the sum of \$1,605.71.

"Witness our hands this 11th day of January, A.D. 1884.

"J. E. SMITH,

"J. L. MILLER,

"J. McCALLEN,

"*Co. Com'rs.*"

. To the foregoing petition the county filed an answer, as follows:

"The defendants say that a writ of mandamus ought not to issue in said cause, for the reason that the pretended judgment and allowance alleged in relator's application was made ten years after the performance of any service or the rendition of any consideration by said Clarke to said Webster county, and without the presentation of any claim by

said H. T. Clarke, and when there were no funds in said Webster county, or belonging thereto, against which warrants could be drawn in payment thereof, and by a board of commissioners none of whom had ever before any relation to H. T. Clarke, or any pretended consideration he could have rendered to said county; and that thereafter, to-wit, on the 24th day of February, 1888, the board of supervisors of Webster county, Nebraska, instructed the clerk of said county to notify said H. T. Clarke to appear before said board at the June, 1888, meeting thereof, to show cause why said pretended allowance should not be reconsidered and his claim therein allowed disallowed; that immediately thereafter the said Clarke was duly notified to appear at the said June meeting by the said clerk; that at said meeting of said board of supervisors of said Webster county, Nebraska, such proceedings were had as the said board reconsidered the allowance of June 11, 1884, and thereafter, on a full investigation of the claim of said H. T. Clarke, found that he had been fully paid, and there was nothing due him from said county, and thereupon disallowed his claim; that said judgment of reconsideration and disallowance still stands upon the records of said board of supervisors, unreversed and in full force and effect."

It will be observed that the relator sets out an account against Webster county for the construction of a bridge across the Republican river, in that county, in the year 1874. There is no allegation or claim that the original contract made with the relator was unauthorized by law, or that he did not fully perform on his part. That he did perform the contract and complete the bridge is substantially admitted. For this service he was to receive about $3,000 from the county. This account was allowed in 1875, and became in effect a judgment against the county. *Clark v. Dayton*, 6 Neb., 192. The county was unable to pay the entire amount, hence payments were made from time to time as the condition of the bridge fund in the treas-

ury would warrant. The settlement of Clarke with the county commissioners in 1884 was not the allowance of a new account,but a mere ascertainment of the balance due. There is no charge of fraud, corruption, or mistake in this adjustment, and so far as it appears to this court, it is the amount justly due to the relator. The defendants say that they have paid the entire amount justly due. The amount justly due is the original amount as allowed, with interest thereon, less the payments which have been made. Now there are no particular payments pleaded, and the burden of proof is upon the defendants to show payment. The case is submitted to the court upon the petition and answer, and there being no testimony in the case, the defense fails. But it is said that during June last the county board found that said claim had been paid, and therefore disallowed the same. If the claim had been actually paid, it would scarcely seem necessary to disallow it. There is a contradiction in the terms of the answer that has an appearance of an attempt to evade the main issue. Honesty and fair dealing require that there should be a statement of the amount paid, and when it equals the entire debt it will fully satisfy the same, in which case it will not be necessary to disallow a claim which had been paid. At the last term of this court the defendants were required to make an estimate for the present year of the amount still due the relator. Instead of doing so, they proceeded to disallow the claim, and then come into court and answer in effect that it has been satisfied and paid. Whatever right the county board may have under the act of 1879 [Comp. Stat., Sec. 40, Ch. 18, Art. I.] to disallow a claim after its regular allowance, it is very clear that they possessed no such power over any claim which had been allowed prior to the taking effect of the act of 1879, as they could not destroy vested rights. The claim in question, therefore, was not subject to their control, and the attempted disallowance a nullity.

The writer for himself desires to say that, in his view, the county board cannot disallow any claim after it has. been duly allowed, and no appeal taken therefrom by either party, except for fraud, accident, or mistake, and before revocation can take place the record should set forth the cause for the disallowance. In effect, the grounds should be the same, though perhaps not so formal as for impeachment of the judgment in a court of record.

As the answer fails to show payment, a peremptory writ. will be granted as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.